PER CURIAM.
 

 This matter is before the Court for consideration of proposed amendments to the Florida Family Law Rules of Procedure and Forms and the Florida Supreme Court Approved Family Law Forms. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 BACKGROUND
 

 In this case, the Family Law Rules Committee (Committee) initially filed a report proposing two new forms for use in proceedings to disestablish paternity or terminate child support and three new forms for use in proceedings relating to the relocation of parents with children subject to visitation or custody orders. The forms were proposed in response to legislation passed in the 2006 legislative session.
 
 See
 
 ch. 2006-265, Laws of Fla.; ch. 2006-245, Laws of Fla.
 
 [1]
 
 The Committee also stated that it believed that additional relocation forms would be necessary to implement chapter 2006-245 and requested the Court’s direction as to whether these additional forms should be developed.
 
 [2]
 
 After considering the Committee’s proposals, the Court informally sought input from the Advisory Workgroup on The Florida Supreme Court Approved Family Law Forms (Workgroup) with respect to the need for additional relocation forms and directed the Committee to submit a supplemental report clarifying whether a new Florida Family Law Rule of Procedure should be adopted to implement the statutory provisions and, if so, proposing an appropriate rule.
 

 Subsequently, the Committee filed its supplemental report, proposing new Family Law Rule 12.635 (Relocation of Minor Child), and the Workgroup presented the Court with nine new relocation forms. Proposed new rule 12.635 and all of the new proposed forms (both on relocation and disestablishing paternity) were published for comment. The Family Law Section of The Florida Bar filed a comment opposing the proposed new rule 12.635 and subsequently worked with the Committee to develop a revised proposal. After eonsid-
 
 *382
 
 ering the revised proposal, the Court, on its own motion, proposed an alternative version of the relocation rule, published it for comment, and again requested comments with regard to the twelve (three from the Committee and nine from the Workgroup) proposed relocation forms.
 

 In the interim, in both the 2008 and 2009 legislative sessions, the Legislature amended section 61.13001, Florida Statutes, governing relocation.
 
 See
 
 ch. 2008-61, § 9, Laws of Fla. (amending section 61.13001 primarily to remove the terms “visitation,” “primary residential parent,” “primary residence,” “custody” and similar terms, and insert references to “time-sharing” and “parenting plan”); ch. 2009-180, § 4, Laws of Fla. (significantly amending the relocation process set out in section 61.13001). These legislative changes necessitated significant revisions to the proposed rule and forms. In fact, after the 2009 legislative session, the Committee advised the Court that the three relocation forms it had initially proposed were rendered unnecessary by the amendments to the statute. The Committee also later advised the Court that its position was that a rule addressing relocation was no longer necessary because the statute adequately set forth the relocation process, and to propose a rule would serve only as a restatement of the statute. The Workgroup continued to revise the proposed relocation forms in order to have them conform with the 2008 and 2009 legislative changes and has now submitted to the Court eleven new relocation forms for consideration.
 

 AMENDMENTS
 

 The Court now has for consideration (1) the Committee’s proposed new forms 12.951(a) (Petition to Disestablish Paternity and/or Terminate Child Support Obligation) and 12.951(b) (Order Disestablishing Paternity and/or Terminating Child Support Obligation); (2) new rule 12.635 (addressing relocation), as previously proposed by the Committee, and the alternative version of this rule proposed on the Court’s own motion; and (3) eleven new relocation forms proposed by the Work-group.
 

 Disestablishment of Paternity Forms
 

 Section 742.18, Florida Statutes (2009), permits a man who is not the biological father of a child to petition to disestablish paternity and terminate a child support obligation. Among other things, the statute sets forth the required content of a petition to disestablish paternity and specific factual findings which must be made by the court in granting such a petition.
 
 See
 
 § 742.18(l)-(2), Fla. Stat. (2009). The proposed new forms, providing a petition and order for use in these proceedings, are consistent with the relevant legislation, and no comments were filed with regard to them. Accordingly, new forms 12.951(a) (Petition to Disestablish Paternity and/or Terminate Child Support Obligation) and 12.951(b) (Order Disestablishing Paternity and/or Terminating Child Support Obligation) are adopted as Florida Supreme Court Approved Family Law Forms.
 

 Relocation Rule
 

 As discussed above, the Committee, working with the Family Law Section of The Florida Bar, previously proposed new rule 12.635 (Relocation of Minor Child), but that proposal was based upon the prior version of section 61.13001 that set forth different requirements. The Court’s own proposed rule 12.635 was also based upon the prior version of the statute. As noted, the Committee now recommends that no rule of procedure is necessary, in that section 61.13001, as amended, sufficiently sets forth the relocation procedures, and a rule would only reiterate the statute. We defer to the Committee on this matter and decline to adopt a relocation rule at this time.
 

 
 *383
 
 Relocation Forms
 

 The eleven new relocation forms submitted by the Workgroup are adopted as Florida Supreme Court Approved Family Law Forms. The first two forms, form 12.950(a) (Relocation by Agreement) and accompanying form 12.950(b) (Motion for Order Permitting Relocation by Agreement), are designed to implement section 61.13001(2), Florida Statutes (2009). In accordance with this section, the forms elicit information regarding consent to the relocation, access and time-sharing for the non-relocating parent or other person entitled to such, and any post-relocation transportation arrangements.
 

 Forms 12.950(c) (Petition for Dissolution of Marriage with Dependent or Minor Children and Relocation) and 12.950(d) (Supplemental Petition to Permit Relocation with Minor Children) are intended to be used when the relocation process is initiated by a petition in accordance with section 61.13001(3), Florida Statutes (2009). Specifically, form 12.950(c) is to be used when relocation is to occur during a dissolution proceeding.
 

 The next six forms, 12.950(e) (Motion for Temporary Order Granting Relocation), 12.950(f) (Temporary Order Granting/Denying Relocation), 12.950(g) (Motion for Civil Contempt and/or Return of Children), 12.950(h) (Order on Motion for Civil Contempt and/or Return of Children), 12.950(i) (Final Judgment/Supplemental Final Judgment Granting Relocation), and 12.950(j) (Final Judgment/Supplemental Final Judgment Denying Relocation), are intended to address issues which may arise during the course of relocation proceedings and to provide orders necessary to the proceedings.
 

 Finally, form 12.995(c) (Relocation/Long Distance Parenting Plan) is designed for use as an alternative to the two existing Court-approved parenting plan forms, forms 12.995(a) and (b), when either relocation or geographic distance between the parents of the minor children has a bearing on the issues of parental responsibility and time-sharing.
 

 CONCLUSION
 

 Accordingly, the Florida Family Law Rules of Procedure and the Florida Supreme Court Approved Family Law Forms are hereby amended as reflected in the appendix to this opinion. In the rules, new language is underscored; deletions are struck through. The new forms are fully engrossed and ready for use. The amendments and new forms shall become effective immediately upon the release of this opinion. Additionally, because the new relocation forms, in their revised form, have not yet been published for comment, interested persons shall have sixty days from the date of this opinion in which to file comments, as to those forms only, with the Court.
 
 [3]
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 12.280. GENERAL PROVISIONS GOVERNING DISCOVERY
 

 Florida Rule of Civil Procedure 1.280 shall govern general provisions concerning
 
 *384
 
 discovery in family law matters with the following exceptions:
 

 (a)-(b) [No change]
 

 (c) Documents Considered Confidential. A determination as to the confidentiality of a court record shall be made in accordance with Florida Rule of Judicial Administration 2.051-2.420.
 

 (d) Sealing of Records. Records found to be confidential under Florida Rule of Judicial Administration 2^0512.420 shall be sealed on request of a party.
 

 Commentary
 

 [No change]
 

 RULE 12.650. OVERRIDE OF FAMILY VIOLENCE INDICATOR
 

 (a)-(i) [No change]
 

 Commentary
 

 This rule implements the requirements of 42 U.S.C. § 653, providing for a state court to override a family violence indicator on a record at the Federal Parent Locator Service. It does not apply to any other proceeding involving family violence or any other court records. The limitations on access to the Federal Parent Locator Service and this override process are governed by federal law.
 

 Proceedings under this rule would arise when an authorized person has attempted to obtain information from the Federal Parent Locator Service but has been notified that the information cannot be released because of a family violence indicator. For example, a petitioner may be a noncustodial parent who has attempted to serve the custodial parent in an action to enforce visitation but was unable to effect service of process on the custodial parent. The court may have authorized access to the Federal Parent Locator Service in order to locate the custodial parent for purposes of service of process. If the report from the Federal Parent Locator Service indicates that the information cannot be released because of a family violence indicator, the noncustodial parent would be authorized to petition the court pursuant to this rule to override the family violence indicator.
 

 The purpose of these proceedings is to determine whether to release location information from the Federal Parent Locator Service notwithstanding the family violence indicator. The court must determine whether release of the location information to the petitioner would be harmful to the respondent. If the court determines that release of the location information would not be harmful, the information may be released to the petitioner. If the respondent agrees to designate a third party for service of process, the court may deny the request for location information. In these circumstances, the designation of a third party for service of process is procedural only and does not provide a separate basis for jurisdiction over the respondent.
 

 The court must use care to ensure that information from the Federal Parent Locator Service or other location information in the court record is not inadvertently released to the petitioner, thus defeating any interest of the respondent in maintaining nondisclosure.
 

 The name of the state that placed the family violence indicator on the record may assist the petitioner in obtaining access to the respondent. If the name of the state that placed the family violence indicator on the record is supplied from the Federal Parent Locator Service, but an address for the respondent is not provided, the court should not release the name of the state to the petitioner. Disclosure of this information could assist the petitioner in locating the respondent, may place the respondent in danger, and does not give
 
 *385
 
 the respondent an opportunity to be heard by the court prior to release of the information.
 

 Because the interest of the respondent is to keep location information from the petitioner, having both the petitioner and respondent appear at a hearing at the same time may also result in the petitioner obtaining location information about the respondent. If a hearing must be held where both the petitioner and respondent are present, the court should use whatever security measures are available to prevent inadvertent disclosure of the respondent’s location information.
 

 Each state establishes its own criteria, consistent with federal law, for placing a family violence indicator on a record. Some states require a judicial determination of domestic violence or child abuse before a family violence indicator is placed on a record. The criteria for a family violence indicator in Florida are in section 61.1825, Florida Statutes.
 

 The records in these proceedings are confidential under 42 U.S.C. §§ 653 and 654. Florida Rule of Judicial Administration 2.051 [renumbered as 2,420 in 2006] also exempts from public disclosure any records made confidential by federal law.
 

 Committee Note
 

 [No change]
 

 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(a), AGREEMENT FOR RELOCATION WITH MINOR CHILD(REN) (09/10)
 

 When should this form be used?
 

 This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor child(ren) are in agreement , and are asking the court to permit the relocation of the child(ren)’s principal residence. “Other Person” means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). This form can be used at any time after either a petition or supplemental petition to relocate has been filed and the parties reach an agreement; OR can be used when the parties are in agreement and there is an existing cause of action, judgment, or decree of record pertaining to the child(ren)’s residence or time-sharing schedule. Either an agreement for relocation or a petition to relocate is required when:
 

 1. You plan to relocate the child(ren)’s residence more than 50 miles from the child(ren)’s principal residence at the time of the last order which established or modified either a Parenting Plan or time-sharing schedule or at the time of filing of the pending action.
 

 2. The court has not already entered an order granting permission to relocate.
 

 3. The relocation will be for a period of 60 consecutive days or more, not including, any absence for purposes of vacation, education, or health care for the children).
 

 4. Your order or final judgment defining custody, primary residence, the Parenting Plan, or time-sharing was entered before October 1, 2009 and the order does not expressly govern the relocation of the children); or was entered on or after October 1, 2009, or your case was pending on October 1, 2009.
 

 5. If the visitation or time-sharing schedule will change due to the relocation, a Parenting Plan with a time-sharing schedule must be included with the Agreement. Regardless of whether
 
 *386
 
 there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
 

 This form should be typed or printed in black ink. You must fill in all sections of the form. If you are an “other person” entitled to access, visitation, or time-sharing with the ehild(ren), substitute your name for Mother or Father in the form and “parties” for “parents.” After completing the form, you should sign the form before a notary public or deputy clerk.
 

 What should I do next?
 

 For your case to proceed, you must properly notify the court by filing the original of the Agreement and a Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form, 12.950(b), with the clerk of the circuit court of one of the following: the circuit court which has jurisdiction in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act; the circuit court in the county in which either parent and the child(ren) reside; or the circuit court in which the original action was adjudicated. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.
 

 If the issue of the child(ren)’s physical residence is already before the court in an ongoing proceeding or through a judgment issued by the court, the court may enter an order adopting the Agreement without holding a hearing once both parties have signed it and neither has requested a hearing. When a hearing is not timely requested, the court shall presume that relocation is in the best interest of the child(ren) and may adopt the Agreement without holding a hearing.
 

 If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. The court will then enter an order after the hearing.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 If your case involves a modification of any provision relating to child support, you should also check with the clerk of the circuit court in the county in which you are filing this Agreement for Relocation to determine if any other forms must be filed.
 

 If the parties agree to a modification of child support, the following forms should be filed with this Agreement:
 

 • A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
 

 • A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 

 • A completed Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 

 
 *387
 
 Special notes...
 

 The Agreement for Relocation with Minor Children must contain a Parenting Plan with a time-sharing schedule. At a minimum, the Parenting Plan must describe in adequate detail:
 

 • How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
 

 • The time-sharing schedule that specifies the time that the minor child(ren) will spend with each parent and every other person entitled to access or time-sharing,
 

 • A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, and any other activities,
 

 • The methods and technologies that the parents will use to communicate with the child(ren), and
 

 • Any transportation arrangements related to access or time-sharing.
 

 The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties’ historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of the family as listed in s. 61.13(3), Florida Statutes.
 

 This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
 

 The Parenting Plan and time-sharing schedule may be set forth in the body of the Agreement for Relocation with Minor Children or may be attached as a separate document. You may attach a Relocation/Long-Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c), or similar form.
 

 In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
 

 Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *388
 
 [[Image here]]
 

 
 *389
 
 [[Image here]]
 

 
 *390
 
 [[Image here]]
 

 
 *391
 
 [[Image here]]
 

 
 *392
 
 [[Image here]]
 

 
 *393
 
 [[Image here]]
 

 
 *394
 
 [[Image here]]
 

 
 *395
 
 [[Image here]]
 

 
 *396
 
 [[Image here]]
 

 
 *397
 
 [[Image here]]
 

 
 *398
 
 [[Image here]]
 

 
 *399
 
 [[Image here]]
 

 
 *400
 
 [[Image here]]
 

 
 *401
 
 [[Image here]]
 

 
 *402
 
 [[Image here]]
 

 
 *403
 
 [[Image here]]
 

 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(b), MOTION FOR ORDER PERMITTING RELOCATION BY AGREEMENT (09/10)
 

 When should this form be used?
 

 This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor children) are in agreement and are asking the court to permit the relocation of the children). “Other Person” means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). You may file a Motion for Order Permitting Relocation with Agreement if the following are true:
 

 • One of the parents or a person entitled to access to or time-sharing with the children wishes to relocate the children)
 
 *404
 
 to a residence more than 50 miles from the ehild(ren)’s principal place of residence at the time of the last order establishing or modifying time-sharing or at time of filing of the pending action.
 

 • There is an existing cause of action, judgment, or decree of record pertaining to the child(ren)’s residence or time sharing schedule.
 

 • The parents and every other person entitled to access to or time-sharing with the children have signed a written agreement, Agreement for Relocation with Minor Child(ren), Florida Supreme Court Approved Family Law Form, 12.950(a), or similar form which:
 

 1. Reflects the consent to the relocation;
 

 2. Defines an access or time-sharing schedule for the non-relocating parent and any other persons who are entitled to access or time-sharing; and
 

 3. Describes, if necessary, any transportation arrangements related to access or time-sharing.
 

 • Your order regarding custody, primary residence, the parenting plan, time-sharing, or access to or with the child(ren) was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); was entered on or after October 1, 2009; or your case was pending on October 1, 2009.
 

 This form should be typed or printed in black ink. You must fill in all sections of the form. If you are an “other person” entitled to access, visitation, or time-sharing with the child(ren), substitute your name for Mother or Father in the form. After completing the form, you should sign the form before a notary public or deputy clerk. You should file the form in the county where the original order or judgment was entered. If the order or judgment was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form.
 

 What should I do next?
 

 After completing this form, you should file the original with the clerk of the circuit court where there is an existing cause of action, judgment, or decree of record pertaining to the ehild(ren)’s residence or time-sharing schedule and keep a copy for your records. The original Agreement for Relocation with Minor Children) should be attached to Motion or filed with the clerk of the circuit court at the same time. If both parties agree, the court may ratify the Agreement without the necessity of an evidentiary hearing. You should check with the clerk, family law intake staff, or judicial assistant for the proper way to submit the Motion and a proposed Final Judgment/Supplemental Final Judgment Granting Relocation, Florida Supreme Court Approved Family Law Form 12.950(i), to the judge. If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. The court will then enter an order after hearing. If a hearing is not timely requested, the court shall presume that relocation is in the best interest of the child(ren) and may ratify the Agreement without an evidentiary hearing.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are
 
 *405
 
 in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 If your case involved a modification of any provision relating to child support, you should also check with the clerk of the circuit court in the county in which you are filing the Motion for Order Permitting Relocation with Minor Child(ren) and Agreement for Relocation with Minor Child(ren) to determine if any other forms must be filed. Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Former 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *406
 
 [[Image here]]
 

 
 *407
 
 [[Image here]]
 

 
 *408
 
 [[Image here]]
 

 
 *409
 
 [[Image here]]
 

 
 *410
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(c), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) AND RELOCATION (09/10)
 

 When should this form be used?
 

 This form should be used when a husband or wife is filing for dissolution of marriage, there are dependent or minor children and pursuant to Section 61.13001, Florida Statutes:
 

 1. You plan to relocate your residence more than 50 miles from the principal place of residence you have at the time of filing this petition; and
 

 2. The change of location is for at least 60 consecutive days, not including a temporary absence from your principal place of residence for purposes of vacation, education or the provision of health care for the minor child(ren).
 

 You and/or your spouse must have lived in Florida for at least 6 months before filing for dissolution of marriage in Florida.
 

 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
 

 What should I do next?
 

 For your case to proceed, you must properly notify your spouse and every other person entitled to access or time-sharing with the child(ren) of the petition. “Other Person” means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the children). If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse or the other person resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive sendee, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Appi’oved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
 

 If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
 

 DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 UNCONTESTED. If your spouse files an answer that agrees with everything in
 
 *411
 
 your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 Special notes...
 

 If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
 

 If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
 

 With this form, you must also file the following:
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
 

 • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(f) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 

 • Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 
 *412
 
 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
 

 • Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), Safety-Focused Parenting Plan, Form 12.995(b), or Relocation/Long-Distance Parenting Plan, Form 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
 

 Updating Information. A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known.
 

 Parenting Plan and Time-Sharing. If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the ehild(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
 

 The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
 

 A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
 

 Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 

 • Shared Parental Responsibility
 

 • Sole Parental Responsibility
 

 • Supervised Time-Sharing
 

 • No contact
 

 • Parenting Plan
 

 • Parenting Plan Recommendation
 

 • Time-Sharing Schedule
 

 Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure
 
 *413
 
 Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
 

 Alimony. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
 

 Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
 

 Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility, relocation and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a) and a Motion for Temporary Relocation, Florida Supreme Court Approved Family Law From 12.950(e). For more information, see the instructions for those forms.
 

 Marital Settlement Agreement. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
 

 Parenting Plan. In all cases involving minor or dependent ehild(ren), a Parenting Plan shall be approved or established by the court. As you are seeking to relocate, the Parenting Plan must include a post-relocation schedule for access and time-sharing together with the necessary transportation arrangements. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), a Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b), or a Relocation/Long-Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parent
 
 *414
 
 ing Plan will be established by the court.
 

 Final Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
 

 Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *415
 
 [[Image here]]
 

 
 *416
 
 [[Image here]]
 

 
 *417
 
 [[Image here]]
 

 
 *418
 
 [[Image here]]
 

 
 *419
 
 [[Image here]]
 

 
 *420
 
 [[Image here]]
 

 
 *421
 
 [[Image here]]
 

 
 *422
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(d), SUPPLEMENTAL PETITION TO PERMIT RELOCATION WITH MINOR CHILD(REN) (09/10)
 

 When should this form be used?
 

 This form should be used when you are asking the court to permit the relocation of the principal residence of the petitioner if:
 

 1. You plan to relocate your residence more than 50 miles from your principal residence at the time of entry of the last order which established or modified primary residence, custody, visitation, or time-sharing;
 

 2. The court has not entered an order granting permission to relocate.
 

 3. The relocation will be for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren).
 

 4. Your order regarding custody, primary residence, visitation, time-sharing or parenting plan was entered before October 1, 2009 and the order does not expressly govern the relocation of the ehild(ren); was entered on or after October 1, 2006; or your case was pending on October 1, 2009.
 

 This form should be typed or printed in black ink. You must fill in all sections of the form. After completing the form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.
 

 What should I do next?
 

 For your case to proceed, you must properly notify the other parent and every other person entitled to, access, time-sharing, or visitation with the children) in your case of the supplemental petition. “Other Person” means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the children). If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). The law regarding constructive service and service on an individual in the military service is very complex. If you have any questions about service, you may wish to consult an attorney regarding these issues.
 

 If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
 

 DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk
 

 
 *423
 
 of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 UNCONTESTED ... If the respondent files either an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 CONTESTED... If the respondent files either an answer or an answer and coun-terpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 Special notes...
 

 If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
 

 If there is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone number, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
 

 With this form, you must also file the following:
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
 

 • Agreement for Relocation, if you have reached an agreement on any or all of the issues attach the proposed Agreement For Relocation with Minor Child(ren). Florida Supreme Court Approved Family Law 12.950(a). Both parties must sign this agreement before a notary public. Any issues on which
 
 *424
 
 you are unable to agree will be considered contested and settled by the judge at the final hearing.
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 

 • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
 

 Updating Information. A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known.
 

 Parenting and Time-Sharing... If you and the other parent and every other person entitled to access to or time-sharing with the child(ren) are unable to agree on the parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and a time-sharing schedule based upon the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
 

 Failure to obtain an Order prior to relocation renders the supplemental petition to relocate legally insufficient.
 

 The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
 

 If one has not already been completed, the court may require the completion of a parenting course before a final hearing is set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
 

 Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
 

 Temporary Relief... If you need temporary relief regarding relocation of the mi
 
 *425
 
 nor ehild(ren), complete paragraph eleven contained in the Supplemental Petition To Permit Relocation of Minor Child(ren).
 

 Final Judgment Form... These family law forms contain a Final Judgment/Supplemental Final Judgment Permitting Relocation, Florida Supreme Court Approved Family Law Form 12.950(i), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. •
 

 Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *426
 
 [[Image here]]
 

 
 *427
 
 [[Image here]]
 

 
 *428
 
 [[Image here]]
 

 
 *429
 
 [[Image here]]
 

 
 *430
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(e), MOTION FOR TEMPORARY ORDER GRANTING RELOCATION (09/10)
 

 When should this form be used?
 

 This forth should be used when you have filed a Petition or Supplemental Petition to permit relocation of a child or children, or you are seeking relocation in a pending action. You should use this form to ask the court to permit a temporary relocation of the child(ren)’s principal residence, temporary modification of visitation or time-sharing, temporary modification of child support, and other relief before the court has had an opportunity to make a pei-ma-nent decision on the question of relocation.
 

 This form should be typed or printed in black ink. You must fill in all sections of the form. After completing this form, you should file the original with the clerk of the circuit court in the county where the Petition or Supplemental Petition for Modification to Permit Relocation with Minor Child(ren) was filed and keep a copy for your records.
 

 What should I do next?
 

 A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. Words in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
 

 Special notes...
 

 If the temporary relocation of the child(ren) is approved, the court may require you to provide reasonable security, financial or otherwise, and guarantee that the court-ordered contact with the child(ren) will not be interrupted or interfered with by you.
 

 If the relocation is not permitted and the children) is/are relocated nevertheless, there could be serious consequences affecting the person violating the court order, including his or her parental responsibility and time-sharing or access with the child(ren)
 

 With this form you must also file the following, if not already filed:
 

 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 

 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 

 • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days if not filed at the time of the petition.)
 

 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are
 
 *431
 
 asking for a temporary modification of child support. (If you do not know the other party’s income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)
 

 Temporary Order... These family law forms contain a Temporary Order Granting/Denying Relocation, Florida Supreme Court Approved Family Law Form 12.950(f) which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
 

 Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *432
 
 [[Image here]]
 

 
 *433
 
 [[Image here]]
 

 
 *434
 
 [[Image here]]
 

 
 *435
 
 [[Image here]]
 

 
 *436
 
 [[Image here]]
 

 
 *437
 
 [[Image here]]
 

 
 *438
 
 [[Image here]]
 

 
 *439
 
 [[Image here]]
 

 
 *440
 
 [[Image here]]
 

 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(g), MOTION FOR CIVIL CONTEMPT AND/OR RETURN OF CHILD(REN) (09/10)
 

 When should this form be used?
 

 You may use this form to ask the court to
 
 *441
 
 enforce a prior court order, final judgment or to request the return of a child(ren) who has been relocated in violation of Section 61.13001, Florida Statutes.
 

 What should I do next?
 

 To initiate a civil contempt/enforcement proceeding against a party who has relocated with a child contrary to the requirements of a prior court order, or is otherwise not complying with a prior court order concerning relocation, or in the event there has been a relocation in violation of Section 61.13001, Florida Statutes, you must file a motion with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
 

 A copy of this form must be personally served by a sheriff or private process server or mailed* or hand delivered to any other party(ies) in your case. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a). The court will then set a hearing. You should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete Notice of Hearing on Motion for Contempt/Enforcement, Florida Supreme Court Approved Family Law Form 12.961, Florida Supreme Court Approved Family Law Form 12.921, or Order of Referral to General Magistrate, Florida Family Law Rules of Procedure Form 12.920(b), which will specify a time and place for a hearing on the issue. A copy of the form you used to schedule the hearing must be mailed or hand delivered to the other party. Again, if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
 

 At the hearing, as in other civil proceedings, you, as the party seeking contempt or return of children, will have the burden of proof. The other party will have an opportunity to put on defenses, if any apply. If the judge finds the other party to be in willful contempt or in violation of Section 61.13001, Florida Statutes, the judge may order appropriate sanctions to compel compliance or return of the child(ren) by the other party, including jail, payment of attorneys’ fees, suit money, court costs, coercive or compensatory fines, and may order any other relief permitted by law.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or
 
 *442
 
 she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete,
 

 [[Image here]]
 

 
 *443
 
 [[Image here]]
 

 
 *444
 
 [[Image here]]
 

 
 *445
 
 [[Image here]]
 

 
 *446
 
 [[Image here]]
 

 
 *447
 
 [[Image here]]
 

 
 *448
 
 [[Image here]]
 

 
 *449
 
 [[Image here]]
 

 
 *450
 
 [[Image here]]
 

 
 *451
 
 [[Image here]]
 

 
 *452
 
 [[Image here]]
 

 
 *453
 
 [[Image here]]
 

 
 *454
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.951(a), PETITION TO DISESTABLISH PATERNITY AND/OR TERMINATE CHILD SUPPORT OBLIGATION (09/10)
 

 When should this form be used?
 

 This form should be used by a man who wishes to disestablish paternity or terminate a child support obligation because he is not the biological father of the child(ren). The petition must be filed
 

 • in the circuit court having jurisdiction over the child support obligation; or
 

 • if the child support was determined administratively and has not been ratified by a court, in the circuit court in which the mother or legal guardian or custodian of the child(ren) resides; or
 

 • if the mother or legal guardian or custodian no longer resides in the state, in the circuit court in the county in which the petitioner resides.
 

 This form should be typed or printed in black ink. After completing the form, you should sign the form before a notary public or deputy clerk.
 

 A copy of any judgment or order regarding paternity or child support and a copy of any scientific test results showing that you cannot be the father of the child(ren) must be attached to the petition and filed with the court.
 

 What should I do next?
 

 The petition must be served on the mother or legal guardian or custodian of the child(ren). If the child support obligation was determined administratively and has not been ratified by a court, the petition must also be served on the Department of Revenue.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see Section 742.18, Florida Statutes.
 

 Special notes...
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *455
 
 [[Image here]]
 

 
 *456
 
 [[Image here]]
 

 
 *457
 
 [[Image here]]
 

 
 *458
 
 [[Image here]]
 

 
 *459
 
 [[Image here]]
 

 
 *460
 
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(c), RELOCATION/LONG DISTANCE PARENTING PLAN (09/10)
 

 When should this form be used?
 

 A Parenting Plan is required in all cases involving time-sharing with minor child(ren), even when time-sharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and every other person entitled to access or time-sharing with the child(ren) and approved by the court. “Other Person” means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with or visitation with the ehild(ren). If the parties cannot agree to a Parenting Plan or if the parents agreed to a Plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of Parenting Plan Recommendations.
 

 This form or a similar form should be used in the development of a Parenting Plan when you are planning to relocate your or the child(ren)’s principal residence more than 50 miles from the principal place of residence:
 

 • at the time of the last order either establishing or modifying time-sharing, or
 

 • at the time of filing the pending action to either establish or modify time-sharing
 

 This form should be typed or printed in black ink. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If an agreed Parenting Plan is not filed by the parties, the Court shall establish a Plan.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
 

 Special notes ...
 

 At a minimum, the Relocation/Long Distance Parenting Plan must describe in adequate detail:
 

 • How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
 

 • The time-sharing schedule that specifies the time that the minor child(ren) will spend with each parent and every other person entitled to access or time-sharing,
 

 • A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities,
 

 • The methods and technologies that the parties will use to communicate with the child(ren), and
 

 • Any transportation arrangements related to access or time-sharing.
 

 The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all
 
 *461
 
 circumstances between the parties, including the parties’ historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of the family as listed in section 61.13(8), Florida Statutes, including, but not limited to:
 

 • The demonstrated capacity and disposition of each party to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
 

 • The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
 

 • The demonstrated capacity and disposition of each party to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
 

 • The length of time the ehild(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
 

 • The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either party with a ehild(ren);
 

 • The moral fitness of the parties;
 

 • The mental and physical health of the parties;
 

 • The home, school, and community record of the child(ren);
 

 • The reasonable preference of the children), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
 

 • The demonstrated knowledge, capacity, and disposition of each party to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)’s friends, teachers, medical care providers, daily activities, and favorite things;
 

 • The demonstrated capacity and disposition of each party to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
 

 • The demonstrated capacity of each party to communicate with and keep the other part(y)ies informed of issues and activities regarding the minor child(ren), and the willingness of each party to adopt a unified front on all major issues when dealing with the child(ren);
 

 • Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the children);
 

 • Evidence that any party has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
 

 • The particular parenting tasks customarily performed by each patty and the division of parental responsibilities be
 
 *462
 
 fore the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
 

 • The demonstrated capacity and disposition of each party to participate and be involved in the child(ren)’s school and extracurricular activities;
 

 • The demonstrated capacity and disposition of each party to maintain an environment for the ehild(ren) which is free from substance abuse;
 

 • The capacity and disposition of each party to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about any other party to the child(ren); and
 

 • The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each party to meet the ehild(ren)’s developmental needs.
 

 This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
 

 In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *463
 
 [[Image here]]
 

 
 *464
 
 [[Image here]]
 

 
 *465
 
 [[Image here]]
 

 
 *466
 
 [[Image here]]
 

 
 *467
 
 [[Image here]]
 

 
 *468
 
 [[Image here]]
 

 
 *469
 
 [[Image here]]
 

 
 *470
 
 [[Image here]]
 

 
 *471
 
 [[Image here]]
 

 
 *472
 
 [[Image here]]
 

 
 *473
 
 [[Image here]]
 

 
 *474
 
 [[Image here]]
 

 
 *475
 
 [[Image here]]
 

 
 *476
 
 [[Image here]]
 

 
 *477
 
 [[Image here]]
 

 
 *478
 
 [[Image here]]
 

 [1]
 

 . The Committee also proposed amendments to rules 12.015, 12.280, 12.400, 12.490, 12.491, 12.610, 12.650, and 12.750 to reflect the renumbering of the Florida Rules of Judicial Administration. All of these amendments have since been made, in other cases, except for the proposed amendments to rule 12.280(c) and (d) and the proposed amendment to the commentary in rule 12.650. Accordingly, we adopt those amendments here.
 

 [2]
 

 . The Committee also proposed amendments to rule 12.015 (Family Law Forms) to add the new forms it was proposing to the list of “rules forms” contained in that rule. However, we are adopting the proposed forms as Florida Supreme Court Approved Family Law Forms. Accordingly, no amendment to rule 12.015 is necessary.
 

 [3]
 

 . An original and nine paper copies of all comments must be filed with the Court on or before November 29, 2010, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with the Court’s administrative order in
 
 In re Mandatory Submission of Electronic Copies of Documents,
 
 Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).